# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1231V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
DON RANDOLPH,

    Petitioner,

  v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: September 8, 2020

Attorney's Fees and Costs;
Final Award

*Lawrence R. Cohen*, Anapol Weiss, PA, for Petitioner.

*Claudia Barnes Gangi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

  On August 16, 2018, Don Randolph filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he developed Guillain-Barré syndrome ("GBS") from the receipt of the influenza ("flu") vaccine he received on September 22, 2014. Petition (ECF No. 1) at 1. Based on a thorough review of the record and all submissions, I granted Respondent's motion to dismiss the case for untimeliness. Petitioner's claim had been filed nearly four years from the alleged onset date, and therefore was facially

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

untimely under the Vaccine Act's 36-month statute of limitations. Decision (ECF No. 14) at 2. Petitioner otherwise could not avail himself of the Act's "lookback" provision, because he could not meet the onset requirements for a Table flu-GBS claim.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion for Attorney's Fees and Costs, filed July 30, 2020 (ECF No. 20) ("Fees App."). Petitioner requests a final award of $29,699.97—$27,754.10 in attorney's fees, plus $1,945.87 in costs—for the work of two attorneys (Mr. Lawrence R. Cohen and Mr. David J. Carney) as well as the supportive work of one paralegal. Ex.20, filed on July 30, 2020 (ECF No. 20) at 11. The costs requested include legal research charges, medical record retrieval, court filings, and PACER research fees. *Id.*

Respondent reacted to the fees request on August 13, 2020. *See* Response, dated August 13, 2020 (ECF No. 21). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2, 3.

**ANALYSIS**

**I.     Petitioner's Claim had Reasonable Basis**

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See,* e.g., *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, slip op. at 5 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 19-1596, slip. op. at 9–10 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*— counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in

applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3] The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Although it did not ultimately succeed, Petitioner's claim had sufficient objective basis to entitle him to a fees and costs award. *See, e.g.*, *P.M. v. Sec'y of Health & Hum. Servs.*, No. 16-949V, 2020 WL 1130353, at *1 (Fed. Cl. Spec. Mstr. Feb. 5, 2020). Claims that vaccines can cause GBS are common enough in the Program to have facial credibility, and there was objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. In addition, the claim's success turned largely on a novel legal question – the scope of the lookback provision, and whether it applies not only to Table claims but untimely non-Table claims as well – and the resolution of that question was far from a foregone conclusion, making it reasonably-litigated. Respondent for her part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

|  | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|
| **Lawrence R. Cohen, Esq.** | $420.00 | $440.00 | $450.00 | $484.00 |
| **David J. Carney, Esq.** | $290.00 | $315.00 | - | - |
| **Paralegal** | $135.00 | $135.00 | $145.00 | $145.00 |

Ex. 90 at 28, 50.

I have previously considered the rates of the same attorneys and legal professionals representing Petitioner in this case and found them mostly reasonable. *See Marquis v. Sec'y of Health & Human Servs.*, No 15-659V, 2017 WL 2461372, at *1–2 (Fed. Cl. Spec. Mstr. Apr. 25, 2017) (reducing rate of Mr. Carney for work done during 2014–2017 from $290 per hour to $275 per hour); *Barton v. Sec'y of Health & Human Servs.*, No. 16-508V, 2017 WL 6334787, at *1–2 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (finding paralegal hourly rate of $135 for work performed in 2016 reasonable, finding Mr. Carney's hourly rate of $290 for work performed in 2017 reasonable, but reducing Mr. Carney's hourly rate to $275 for work performed in 2016). Moreover, the requested rates are consistent with what other special masters have recently awarded. *See, e.g.*, *Charneco v. Sec'y of Health & Human Servs.*, No. 17-458V, 2019 WL 3753290, at *2–3 (Fed. Cl. Spec. Mstr. July 18, 2019) (finding similar hourly rates of Mr. Carney ($275–$315), Mr. Cohan ($400–$450), and paralegals ($135) "consistent with what they have previously been awarded"); *Shorkey v. Sec'y of Health & Human Servs.*, No. 15-768V, 2017 WL 2119118, at *1 (Fed. Cl. Spec. Mstr. Apr. 21, 2017) (finding the hourly rates of Mr. Carney ($290), Mr. Cohan ($400), and a paralegal ($125) reasonable); *Bartkus v. Sec'y of Health & Human Servs.*, No. 15-261V, 2019 WL 2067278, at 3 (Fed. Cl. Spec. Mstr. April 19, 2019) (finding the hourly rate of Mr. Cohan ($440) for 2018 reasonable).[4] The rates requested for Mr. Carney and for the paralegal work are

---

[4] Furthermore, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.

The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

consistent with what they have previously been awarded, and I find no cause to reduce them in this instance.

Two rates requested for Mr. Cohan merit an adjustment, however. First, Petitioner requests that Mr. Cohen receive an hourly rate of $420.00 for work performed in 2017. This exceeds what has been previously awarded for his time. *See,* e.g. *Bartkus v. Sec'y of Health & Human Servs.,* No. 15-261V, 2019 WL 2067278 (Fed. Cl. Spec. Mstr. April 19, 2019); *Charneco v. Sec'y of Health & Human Servs.,* No. 17-458V, 2019 WL 3753290, (Fed. Cl. Spec. Mstr. Jul. 18, 2019). In *Bartkus*, the special master noted that Mr. Cohan had been awarded $400.00 per hour for work performed in 2017 because that was the rate at which he warranted he billed his work. *Id.*

It is not practice in the Vaccine Program to retroactively increase rates previously awarded in the Program,[5] or to deviate from prior awards simply because a petitioner asks for a higher rate in a subsequent case. Further, Special Master Roth reduced Mr. Cohen's hourly rate "to $400.00 for work performed in 2017." *See Burkett v. Sec'y of Health & Human Servs.*, No. 16-1267V, slip op. at 2 (July 27, 2020). Accordingly, I will also, in this matter, reduce Mr. Cohen's hourly rate to $400.00 for work performed in 2017. This results in a reduction of $16.00.

Second, Petitioner requests that Mr. Cohen receive an hourly rate of $484 for work performed in 2020. This rate also exceeds what has been previously awarded for his time for this particular year. *See,* e.g., *Stout v. Sec'y of Health & Human Servs.*, No. 17-1077V, 2020, slip op. at 4 (Fed. Cl. Spec. Mstr. August 11, 2020). In *Stout*, I relied on the factors set forth in *McCulloch v. Health and Human Services*, No. 09-293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large) to award a rate of

---

The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] On several prior occasions, present counsel has had a requested rate reduced to what he previously had been awarded. *See*, e.g. *Charneco v. Sec'y of Health & Human Servs.*, No. 17-0458V, 2019 WL 3753290 (Fed. Cl. Spec. Mstr. July 18, 2019); *E.L. et al. v. Sec'y of Health & Human Servs.*, No. 16-1635V, Slip Op*45, Dececmber 10, 2019; *Burkett et al. v. Sec'y of Health & Human Servs.*, No. 16-1267V, Slip Op *51, January 22, 2020.

$470.00 per hour for Mr. Cohan's work billed in 2020. I accept the same rate herein. This further reduces the attorney fees to be awarded by the amount of $89.60.[6]

### III.     Calculation of Attorney Costs

Petitioner also requests an award of $1,945.87 for costs incurred since the claim's filing, including legal research charges, medical record retrieval, court filings, and PACER research fees. Ex. 20. Such costs are typical in Program cases, Respondent does not otherwise object to their reasonableness, and I therefore award them as requested.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of **$29,594.37**—representing —$27,648.50 in attorney's fees and $1,945.87 in costs—in the form of a check payable to Petitioner's counsel, Anapol Weiss, PA. The check is to be forwarded to Anapol Weiss, PA, 130 N. 18th Street, Suite 1600, Philadelphia, PA 19013.

| | Attorney's Fees and Costs | | |
|---|---|---|---|
| | **Requested** | **Awarded** | **Difference** |
| Attorney's Fees | $27,754.10 | $27,648.50 | $105.60 |
| Attorney Costs | $1,945.87 | $1,945.87 | $0.00 |
| Total | **$29,699.97** | **$29,594.37** | **$105.60** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] This amount consists of $484.00 - $470.00 = $14.00 x 6.4 hrs = $89.60.
[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.